23-716-cv
*Russo v. Wyandanch Union Free School District*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand twenty-four.

Present:

> ROBERT D. SACK,
> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
> > *Circuit Judges*.

_____

FILOMENA RUSSO,

> *Plaintiff-Appellant,*

> v.                                                                              23-716-cv

WYANDANCH UNION FREE SCHOOL DISTRICT, PAUL SIBBLIES, in his individual capacity,

> *Defendants-Appellees.*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | GEOFFREY A. KALENDER (John C. Luke, Jr., *on the brief*), Slater Slater Schulman LLP, New York, NY |
| For Defendants-Appellees: | MICHAEL A. MIRANDA, Miranda Slone Sklarin Verveniotis LLP, Mineola, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *District Judge*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Filomena Russo appeals from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *District Judge*), entered on March 29, 2023, granting summary judgment to Defendants-Appellees Wyandanch Union Free School District (the "District") and Paul Sibblies, the principal of the District's high school. Russo, a former teacher at the District's high school, sued Defendants-Appellees in 2021, claiming (1) gender and sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1983, (2) a hostile work environment under Title VII and § 1983, (3) retaliation under Title VII and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and (4) defamation under New York law. Russo's claims stem primarily from the District's investigation into allegations of Russo's sexual misconduct toward high school students on a school trip, which resulted in Russo being administratively reassigned for five days before she was ultimately cleared of wrongdoing and permitted to return to her teaching position. The district court dismissed Russo's defamation claim at a pre-motion conference and granted Defendants-Appellees' motion for summary judgment as to all of her remaining claims. Russo now appeals the district court's grant of summary judgment to Defendants-Appellees as to her Title VII disparate-treatment gender discrimination claim and her Title VII and NYSHRL retaliation claims, as well as the district court's exclusion of certain affidavits as inadmissible hearsay in deciding the summary judgment motion.[1] We assume the parties' familiarity with the case.

---

[1] Russo does not challenge the district court's grant of summary judgment to Defendants-Appellees as to her § 1983 claims for gender and sex discrimination and hostile work environment. She also does not meaningfully appeal

"When a party challenges the district court's evidentiary rulings underlying a grant of summary judgment, we undertake a two-step inquiry."[2] *Picard, Tr. For SIPA Liquidation of Bernard L. Madoff Inv. Sec. LLC v. JABA Assocs. LP*, 49 F.4th 170, 180–81 (2d Cir. 2022). "First, we review the trial court's evidentiary rulings, which define the summary judgment record," for abuse of discretion; "[o]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." *Id.* at 181. "A district court abuses its discretion when it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *Id.* Second, "with the record defined, we review the trial court's summary judgment decision *de novo*, construing all evidence in the light most favorable to the nonmoving party," *id.*, "and will affirm when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," *Kasiotis v. N.Y. Black Car Operators' Inj. Comp. Fund, Inc.*, 90 F.4th 95, 98 (2d Cir. 2024).

Here, we need not address whether the district court abused its discretion in not considering two affidavits as inadmissible hearsay, because even if the affidavits were part of the summary judgment record, we would affirm the district court's grant of summary judgment to Defendants-Appellees for the reasons explained below.

To establish a prima facie case of retaliation under Title VII, "a plaintiff must demonstrate that (1) she engaged in protected activity, (2) the defendant was aware of that activity, (3) she was subjected to a retaliatory action . . . that w[as] materially adverse, and (4) there was a causal

---

the district court's grant of summary judgment as to her Title VII hostile work environment claim based on Sibblies's alleged sexual harassment, despite invoking that claim in her brief's statement of issues.

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

connection between the protected activity and the materially adverse action." *Carr v. N.Y. City Transit Auth.*, 76 F.4th 172, 180 (2d Cir. 2023). Upon making that showing, the burden then shifts to the employer to provide a "legitimate non-retaliatory reason[]" for the adverse employment action, "at which point, the burden shift[s] back to [the plaintiff] to come forward with evidence establishing that it is more likely than not the employer's decision was motivated, at least in part, by an intent to retaliate against him." *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 932–33 (2d Cir. 2010).[3]

Russo's retaliation claims fail because she cannot show causation between her protected activity (filing this lawsuit) and the alleged adverse actions. To be sure, the temporal proximity here was very tight—Defendants-Appellees were served on June 14, the investigation into Russo began on June 15, and Russo was administratively reassigned on June 18. Nonetheless, temporal proximity alone, while sufficient to establish the *de minimis* burden at the prima facie stage, *see Tafolla v. Heilig*, 80 F.4th 111, 125–26 (2d Cir. 2023), is insufficient to establish retaliatory intent (through pretext or otherwise) at the third stage of the burden-shifting framework, *see Bentley v. AutoZoners, LLC*, 935 F.3d 76, 90 (2d Cir. 2019). Here, Russo offers nothing more than temporal proximity to support an inference of retaliatory motive.

Russo's theory of causation seems to be the following: (1) upon learning of her lawsuit against Sibblies and the District on June 14, Sibblies wanted to retaliate against Russo, (2) Sibblies and Dwight Singleton, a coach at the high school, recruited two former students to drum up false

---

[3] Russo argues that the district court erred in applying the same causation standard to the analysis of her Title VII and NYSHRL retaliation claims because, following the 2019 amendment of the NYSHRL, retaliation claimants may prevail by showing that "the defendant was motivated at least in part by an impermissible motive." Appellant's Br. at 19–21. We decline to reach the question of the applicable causation standard under the NYSHRL because we conclude that, under either standard, Russo has failed to produce sufficient evidence of a causal connection between her filing of this lawsuit and the alleged adverse action.

accusations against her over the course of less than 24 hours, (3) Singleton and the two former students reported the false accusations to Kester Hodge, a District HR employee, who was investigating Russo's complaint against Singleton but who was unaware of Russo's lawsuit, on June 15 and 16, respectively, (4) Hodge elevated the allegations against Russo to the Superintendent on June 17, and (5) Russo was placed on paid administrative reassignment on June 18. Her theory primarily relies on affidavits of the former students' mothers that contain statements (including hearsay statements) tending to show that Singleton coerced their sons to make untrue allegations of sexual misconduct by Russo.

Russo's theory of causation as it relates to Sibblies fails because she adduces no evidence tying Sibblies to this alleged scheme. And to the extent that Russo's allegations supporting her retaliation claim implicate Singleton, Russo chose not to sue him. Moreover, during oral argument, Russo's counsel made a couple of concessions that defeat her theory of causation as it pertains to the District. First, Russo's counsel agreed that in light of the serious allegations made against Russo, it was reasonable for the District to—and, in fact, it had a duty to—conduct an investigation. *See* Oral Argument Audio Recording at 12:14–14:10, *Russo v. Wyandanch Union Free Sch. Dist.* (No. 23-716). It is also undisputed that Hodge was unaware of Russo's lawsuit when he interviewed Singleton and the former students, meaning he could not have had a retaliatory motive for his actions at that time. Second, Russo's counsel conceded at oral argument that she does not argue a cat's paw theory of liability whereby Singleton was involved in Hodge's decision to investigate her to such a degree that any retaliatory animus on the part of Singleton could be imputed to Hodge, *see* Oral Argument Audio Recording at 02:40–03:58, *Russo v. Wyandanch Union Free Sch. Dist.* (No. 23-716); *Holcomb v. Iona Coll.*, 521 F.3d 130, 143 (2d Cir. 2008) ("[A] Title VII plaintiff is entitled to succeed, even absent evidence of illegitimate bias

on the part of the ultimate decision maker, so long as the individual shown to have the impermissible bias played a meaningful role in the process."). Thus, Russo has put forth no evidence that any bad faith by Singleton somehow impacted Hodge's independent, third-party assessment that the allegations were sufficiently serious to merit further investigation per District policy.[4]

*　　*　　*

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[4] Russo's Title VII disparate treatment also fails. She adduces no evidence that the District's decision to investigate her and place her on administrative reassignment was motivated by her gender, aside from an oblique accusation in her brief that Sibblies "arranged the accusations and subsequent investigation to target Ms. Russo, knowing that such salacious accusations are readily believed about women," Appellant's Br. at 30. Even assuming that there is evidence to support this theory, and that Sibblies's intent can be imputed to the District despite not being involved in any of the alleged adverse actions (which is unlikely), any discriminatory motive by Sibblies would have stemmed from Russo's protected activity of filing a lawsuit against him, not her gender. Such a theory is cognizable as retaliation rather than disparate treatment, and we have concluded above that her retaliation claims fail.